The Honorable Donald Ray State Representative 315 Remmel Newport, Arkansas 72112
Dear Representative Ray:
This is in response to your request for an opinion concerning A.C.A. §14-59-116 (a)(1) and (b), which governs the publication of financial statements for municipalities. Your question in this regard is as follows:
 If a newspaper is in the same county as the municipality, although the paper is not published in the municipality, yet has paid subscribers, news, advertising and newspaper services to the municipality, is the newspaper considered to be a legal newspaper of general circulation and therefore able to publish financial statements for municipalities?
It is my opinion that the answer to your question, in cities of the first and second class, will be one of fact, and will involve a determination as to whether the newspaper is one of "general circulation in the municipality." In incorporated towns, the statute allows posting of the financial statements in public places in the town, if there is no newspaper "published" in the town. Thus, the result is different for cities of the first or second class than it is for towns.
In response to your question, I have enclosed a copy of Op. Att'y. Gen.95-304. This opinion concludes that under A.C.A. § 14-59-116, (at least with respect to cities of the first and second class) the key inquiry is whether the newspaper is a "legal newspaper of general circulation in the municipality. . . ." "The fact that the newspaper is not actually published or printed in or near the municipality is irrelevant under this Code provision." Op. Att'y. Gen. 95-304 at 2. Thus, under the facts you have described, it could well be that the newspaper in question is a "legal newspaper of general circulation," despite the fact that it is not published in the municipality. This is a question of fact, however. This office is not equipped or empowered as a factfinder. I have enclosed for your review, however, copies of Ops. Att'y. Gen. 95-037 and 90-134, which address the test to be applied in this regard.
The statute sets out a different test for incorporated towns. Subsection (b) of § 14-59-116 provides that "[i]n incorporated towns where no newspaper is published, written or printed notice posted in five (5) of the most public places in the municipality shall be deemed a sufficient publication of the financial statement provided for in this section." Thus, the question of whether the newspaper is "published" in the municipality is of relevance in determining the necessity of publishing municipal financial statements in incorporated towns. If, as your question suggests, the newspaper is not "published" in the incorporated town, the town has the option of posting notice rather than publishing the financial statement in a newspaper. See also generally Op. Att'y Gen. 95-227 (copy enclosed) with regard to a similar "published in the municipality" requirement.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh